IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATIE CRESPO, | ) | CASE NO. 1:16-CV-679 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| CELLCO PARTNERSHIP d/b/a | ) | **MEMORANDUM AND ORDER** |
| VERIZON WIRELESS, et al., | ) | |
| | ) | |
| Defendants. | | |

This matter is before the Court upon the Motion to Dismiss Plaintiff's Intentional Infliction of Emotional Distress Claim (Count V of Plaintiff's Amended Complaint) filed by Defendants, Cellco Partnership d/b/a Verizon Wireless ("Verizon"), Sean Tyler ("Tyler") and Rachel Kochera ("Kochera"). (ECF #12).  Defendants move for an Order dismissing Plaintiff's intentional infliction of emotional distress claim on the grounds that it fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff filed a Brief in Opposition (ECF #14) and Defendants filed a Reply (ECF #15).  Therefore, this issue is fully briefed and ripe for review.

For the reasons more fully set forth below, the Defendants' Motion to Dismiss Count V is GRANTED. (ECF #12).

**I.      Factual Background**[1]

Plaintiff, Katie Crespo, ("Crespo"), began working for Defendants in 1999 and has held various positions at several different Verizon store locations throughout Northeast Ohio until she claims she was "forced to resign her employment from Cellco on or about February 6, 2015." (ECF #8, ¶¶15, 148).  Crespo alleges that while employed by Defendants for approximately six years, she suffered several discriminatory incidents including sexual harassment, gender and pregnancy discrimination, national origin discrimination and retaliation, as well as constructive discharge. (*Id.*).  These incidents stemmed from Crespo's interactions with various Cellco employees, including Defendants, Tyler and Kochera.

As it relates to the intentional infliction of emotional distress claim, Plaintiff restates her discrimination and retaliation claims and the family medical leave act interference and retaliation claims, alleging that Defendants' conduct was "so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community." (ECF #8, ¶¶204-208).

**II.     Legal Analysis**

Rule 12(b)(6) of the Fed. R. Civ. P. provides for dismissal of actions that fail to state a claim upon which relief can be granted.  While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of a claim showing that the pleader is entitled to relief," in order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949,

---

[1]     The facts as stated in this Memorandum and Order are taken from the Amended Complaint, which facts are accepted as true for present purposes.

173 L.Ed.2d 868 (2009)(*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Furthermore, although for purposes of a motion to dismiss a court must take all factual allegations in the complaint as true, it is not bound to accept as true a legal conclusion couched as a factual allegation or inference. *Id*; *see also Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir.2000).  In other words, the factual allegations must be enough to raise a right to relief about the speculative level. *Twombly*, 550 U.S. at 555.

Defendants claim that Crespo's intentional infliction of emotional distress claim is a mere restatement of her discrimination and retaliation claims, and that Crespo "fails to allege facts which, even taken as true, would support a conclusion that Defendants acted 'beyond all possible bounds of decency.'" (ECF #12, p.5).

In order to prevail on her intentional infliction of emotional distress claim, Crespo must prove that:

> (1) the defendant intended to cause emotional distress or knew or should have known that its conduct would result in serious emotional distress to the plaintiff;
>
> (2) defendant's conduct was outrageous and extreme and beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community;
>
> (3) defendant's conduct was the proximate cause of plaintiff's psychic injury; and
>
> (4) plaintiff's emotional distress was serious and of such a nature that no reasonable person could be expected to endure it.
>
> *Kovac v. Superior Dairy, Inc.* 930 F.Supp.2d 857, 870 (N.D.Ohio 2013)(*citing Talley v. Family Dollar Stores of Ohio, Inc.,* 542 F.3d 1099, 1110 (6th Cir.2008).

Conduct giving rise to an intentional infliction of emotional distress claim must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Kovac,* 930 F.Supp.2d at 870 (*quoting Long v. Ford Motor Co.,* 193 Fed. Appx. 497, 503 (6th Cir.2006). It has been shown that Courts in Ohio courts narrowly define 'extreme and outrageous conduct,' and stringently apply the intentional infliction of emotional distress standards in employment actions. *See Baab v. AMR Servs. Corp.,* 811 F.Supp. 1246, 1269 (N.D.Ohio 1993); *Anthony v. TRW, Inc*., 726 F.Supp. 175, 181 (N.D.Ohio 1989).

Courts in Ohio place great emphasis on the "seriousness" of the emotional distress when evaluating claims of intentional infliction of emotional distress. *See Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601 (N.D.Ohio 2016)(*citing Yeager v. Local Union 20*, 6 Ohio St. 3d 369, 375, 453 N.E.2d 666 (1983). A plaintiff must allege an "emotional injury which is both severe and debilitating," or that they are "unable to cope adequately with the mental distress engendered by the circumstances of the case." *Kovac,* 930 F.Supp.2d at 870; *see also Swartz v. Carlo*, No. 1:12CV3112, 2015 WL 1022073, at *4-5 (N.D.Ohio Mar. 6, 2015).

In the Amended Complaint, Plaintiff has alleged that various Defendants and other Cellco employees were insubordinate and disrespectful to her, "openly hostile" toward her, "overly and unfairly critical of her performance," and that she "feared retaliation" from Defendants. (*See* ECF #8).  However, these factual allegations do not allege conduct that rises to the requisite level of being considered outrageous, extreme or intolerable, or something that a "reasonable person, normally constituted, would be unable to cope adequately with the mental distress generated by the circumstances of the case." *Godfredson v. Hess & Clark, Inc*., 173 F.3d 365, 376 (6th

Cir.1999)(citation omitted).  In fact, many of Crespo's allegations consist merely of complaints regarding Cellco's internal procedures while handling store visits, employee reviews, issuing written warnings to employees and Cellco's investigation of billing issues with customer accounts.  These allegations do not support Crespo's intentional infliction of emotional distress claim.

This Court has held that "difficult work conditions," including aggressive monitoring tactics and lack of management support, are not sufficient, even if combined with a potentially discriminatory dismissal, to rise to the level of extreme and outrageous conduct to support a claim for intentional infliction of emotional distress under Ohio law.  *See, e.g., Nicklas v. United Parcel Service, Inc.*, No. 1:07CV73, 2007 WL 4322220 (N.D.Ohio Dec. 7, 2007).  Furthermore, liability for intentional infliction of emotional distress "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Aker v. New York and Co., Inc.*, 364 F.Supp.2d 661, 667 (N.D.Ohio 2005)(*quoting Yeager,* 6 Ohio St. 3d at 375). While Crespo characterizes Defendants' actions as "outrageous" in pleadings, she does not identify any facts to support this label, and therefore, her intentional infliction of emotional distress claim must be dismissed.

This Court makes no ruling as to whether Crespo will ultimately prevail on her claims of sexual harassment, gender and pregnancy discrimination, national origin discrimination and retaliation, and constructive discharge.  However, not every discrimination claim becomes a claim for intentional infliction of emotional distress.  *Baab*, 811 F.Supp. at 1269.  In this matter, Crespo cannot prevail on her claim of intentional infliction of emotional distress.

**III.    Conclusion**

For the reasons set forth herein, Defendants' Motion to Dismiss Plaintiff's Intentional Infliction of Emotional Distress Claim (Count V)(ECF#12) is GRANTED.  Counts I-IV of Plaintiff's Amended Complaint remain, as does the Status Conference scheduled for September 13, 2016 at 9:30 a.m. and the discovery deadline of November 18, 2016.


IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: August 9, 2016